```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

BYRON MARTINEZ, et al.       :

   v.                         : Civil Action No. DKC 2003-2118

JERHONDA B. HOLLOWAY, et al. :

**MEMORANDUM OPINION**

This is an action to recover unpaid wages. Plaintiffs assert that Defendants, or their agents, recruited them during the summer and fall of 2001 to perform cleaning services and related duties at K-Mart Stores overnight when the stores were closed to the public, and that they were promised weekly wages of either $400 (for six days of work) or $425 (for seven days of work). Plaintiffs allege that none of them were paid, except that Salvador Perez received a single payment of $310.

The procedural history is set forth in earlier opinions. After satisfactory proof of service was filed by Plaintiffs, the clerk made entries of default. Once motions for judgment by default were filed, the court received correspondence from Defendants which the court found insufficient to require vacating the defaults. Defendants were, however, directed to file original documents with original signatures if they wished to seek vacating of the defaults. Defendants have failed to

file the original documents with original signatures as directed by the court on May 23, 2005. Accordingly, their motions to vacate default will be DENIED. It is then appropriate to consider the previously filed Motion for Judgment by Default, filed by Plaintiffs.

Counsel for Plaintiffs filed a collective Motion for Judgment by Default (paper 31) accompanied by a separate "Affidavit for Judgment by Default" for each Plaintiff (papers 20-30). Each Plaintiff seeks triple the amount of unpaid wages pursuant to Md. Code Ann., Labor and Employment § 3-507.1(b) (2004).

Pursuant to Federal Rule of Civil Procedure 55(b), a default judgment will be entered in favor of Plaintiff upon motion and submission of an affidavit of the amount due "if the defendant has been defaulted for failure to appear and is not an infant or incompetent person." Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not. *See* 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice & Procedure § 2688 at 58-59 & n.5 (3rd ed. 1998) ("If the court determines that defendant is in default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."); *United States v. Di Mucci,* 879 F.2d 1488,

1497 (7th Cir. 1989).  If the damages are ascertained, determined, and fixed, "or capable of ascertainment from definite figures contained in documentary evidence or in detailed affidavits," a hearing on damages is not mandated. *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1404 (7th Cir. 1993).  However, "[d]amages may be awarded only if the record adequately reflects the basis for award via a hearing or a demonstration by detailed affidavits establishing the necessary facts."  *Adolph Coors Co. v. Movement Against Racism & The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (internal quotation marks omitted).

As with all affidavits filed in court, the affiant must have personal knowledge of the facts, and it is not sufficient to aver based on knowledge, information and belief. *See, e.g., Credit Lyonnais Securities (USA), Inc. v. Alcantara*, 183 F.3d 151, 154-55 (2nd Cir. 1999); 3 Am. Jur. 2d AFFIDAVITS § 4 (2004) ("[A]n attorney's affidavit that is not based upon personal knowledge is without value.").

Here, Plaintiffs have submitted affidavits of their counsel, which do not appear to be based on personal knowledge as to the promised wage or the hours worked.  They are, by definition, insufficient.  Accordingly, the motion for judgment by default

3

will be denied and the case will be referred to a magistrate judge to conduct appropriate hearings.

                              _____/s/_____
                              DEBORAH K. CHASANOW
                              United States District Judge

                              August 9, 2005