```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND

                                   :
BYRON MARTINEZ, et al.
                                   :

    v.                             :  Civil Action No. DKC 2003-2118

                                   :
JERHONDA B. HOLLOWAY, et al.
                                   :
```

**MEMORANDUM OPINION OVERRULING OBJECTIONS AND
ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION**

Presently pending before the court is the Report and Recommendation of Magistrate Judge Connelly concerning damages after default.  Plaintiffs have not filed any objections to the proposed findings, but Defendants Cornell Holloway, Jerhonda Holloway, and Erma Holloway filed, on December 9, 2005, a letter that reads in its entirety:

> We the Holloway's would like to file an appeal case #8:03-cv-2118 of the ruling determined by Judge William Connelly.  Reasons being we didn't receive our court papers in time to have proper legal help being that we are from out of state and our address had changed. Also on the fact not all the party's in the law suit were present or still live in the country that were rewarded monies. We would like the court to hear our story with the proper legal help.

The court construes the objections to pertain to: (1) the denial of a request for a continuance and (2) the award of damages to Byron Martinez, Carlos Acuna, and Filemon Martinez, who did not appear at the damages hearing, but whose damages were based on the testimony of others.

**I.   Standard of Review**

The undersigned is required to make a *de novo* determination. As recently reviewed by the Fourth Circuit:

> The Federal Magistrates Act requires a district court to "make a *de novo* determination of *those portions* of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C.A. § 636(b)(1) (West 1993 & Supp. 2005) (emphasis added); *accord* Fed.R.Civ.P. 72(b) ("The district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, *of any portion* of the magistrate judge's disposition to which *specific written objection has been made* ...."). (emphases added). By contrast, in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed.R.Civ.P. 72 advisory committee's note.

*Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). Judge Connelly conducted a hearing, heard testimony, and admitted exhibits. The undersigned has read a transcript of the hearing and reviewed the exhibits received in evidence. Upon completion of the review, the court: "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate. The judge may also receive further evidence or recommit the matter to the magistrate with instructions."  28 U.S.C. § 636(b)(1).

2

**II.  Analysis**

**A.  Continuance**

The history of Defendants' defaults is set forth in earlier opinions and won't be repeated here.  After the court denied their motion to vacate default and Plaintiffs' earlier motion for judgment by default, the case was referred to Magistrate Judge Connelly on August 12, 2005.  On August 18, 2005, he scheduled the hearing for September 27, 2005, and copies of the order were sent, via regular and registered mail, to Defendants.  As indicated in the record, the transcript, and the Report and Recommendation, the registered mail was signed for on August 22, 2005, at an address Mr. Holloway concedes is the one he uses for business purposes.  On September 26, 2005, Mr. Holloway telephoned the judge's chambers and requested a continuance, stating that he had retained counsel. He was referred to counsel for Plaintiffs.  Because of the preparation for the hearing that had already progressed, Plaintiffs declined to consent to a postponement.

At the beginning of the hearing the next day, Mr. Holloway stated that he had retained Ms. Mary Stablien as counsel.  Ms. Stablien had not entered an appearance and did not appear.[1]  Mr. Holloway sought a continuance because counsel was not present.  He stated that he had not received the notice of the hearing until the week of September 19, 2005, but could not explain the delay since

---

[1] As of the time of the entry of this opinion, no attorney has entered an appearance for Defendants and the court records do not contain the name of Ms. Stablien as an attorney admitted to practice here.

3

the return receipt was signed August 22. Judge Connelly denied the request.

Defendants have repeatedly delayed, and often failed, to respond to proceedings in this court. They were notified well in advance of the scheduled hearing and did not request a postponement until the day before. Their assertion that counsel had been retained has not been supported, even nearly four months later. As shown by the extent of the testimony presented at the hearing, and the number of witnesses who testified, Plaintiffs had devoted much time to the preparation for the hearing and understandably declined to agree to the requested postponement. They surely would have been prejudiced by any further delay, by having to rearrange schedules and again prepare for the hearing. Thus, the denial of the postponement request was entirely justified.

**B.  Absence of Byron Martinez, Carlos Acuna, and Filemon Martinez.**

Eight of the eleven Plaintiffs testified at the hearing. Three were not present, but others testified about their work schedules. Judge Connelly recommends finding that the testimony presented, which was not contradicted by Defendants, is sufficient to establish the hours worked by the non-testifying Plaintiffs.

Defendants do not specifically object to those proposed findings, but argue that those Plaintiffs may not still be in the United States. Nevertheless, the law does provide that personal testimony is not always necessary, as long as the testifying representatives filled similar positions and performed similar tasks:

4

> Courts have frequently granted back wages under the FLSA to non-testifying employees based upon the representative testimony of a small percentage of the employees.[2] See, e.g., *Donovan v. Burger King Corp.*, 672 F.2d 221, 224 (1st Cir. 1982). The requirement is only that the testimony be fairly representational. The district court properly considered that requirement met.
>
> _____
> [2] The case law clearly holds that the Secretary can rely on the testimony of representative employees as prima facie proof of a pattern or practice. *See, e.g., Brennan v. General Motors Acceptance Corp.*, 482 F.2d 825, 829 (5th Cir. 1973).

*Donovan v. Bel-Loc Diner, Inc.*, 780 F.2d 1113, 1116 (4th Cir. 1985). Further, the Fourth Circuit observed that:

> Virtually all of the cases using representative testimony involve a fairly small employee population, a limited number of employee positions, and uniform work tasks.

*Reich v. S. Md. Hosp., Inc.*, 43 F.3d 949, 952 (4th Cir. 1995). Those conditions are met here and there was no error in relying on the testimony presented in fashioning appropriate awards for the non-testifying Plaintiffs.[2]

---

[2] The complaint asserts that all plaintiffs are residents of the State of Maryland. There would be no impediment to the entry of judgment even if a plaintiff were out of the country.

## III. Conclusion

The court has reviewed the remainder of the proposed findings and concludes that there is no clear error on the record.[3] Accordingly, by separate order, the court will adopt the proposed findings and enter judgment for Plaintiffs in the amounts recommended.

/s/
DEBORAH K. CHASANOW
United States District Judge

---

[3] Attorney's fees were calculated by awarding 10% of the back pay amount. Typically, the lodestar approach is used to determine a reasonable award:

> It is well established that the lodestar approach, "which computes attorney's fees by multiplying the number of hours reasonably spent on a case by a reasonable hourly rate," is the appropriate method of determining attorney's fees under the fee-shifting provisions applicable in these cases. *Martino v. Massachusetts Bay Transp. Auth.*, 230 F.Supp.2d 195, 201 (D.Mass. 2002) (*citing, inter alia, Blum v. Stenson*, 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984), and *Hensley v. Eckerhart*, 461 U.S. 424, 433 & n.7, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)).

*Mogilevsky v. Bally Total Fitness Corp.*, 311 F.Supp.2d 212, 216 (D.Mass. 2004). Nevertheless, because of the low amount recommended, any error in the methodology would be to the detriment of Plaintiffs and not Defendants. Judge Connelly only recommends awarding $2,628.00, and Plaintiffs have not objected. Counsel clearly devoted many hours to this case, and the evidentiary hearing itself lasted eight hours. Thus, if counsel is compensated at $135, the lowest amount in the court's guidelines, fees would be appropriate for 20 hours of work. Much more than that was obviously required by counsel for Plaintiffs.